# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VICKY PIERRE,

Plaintiff,

v. Case No.: 6:26-cv-00991-JSS-LHP

FIFTH THIRD BANK, NATIONAL ASSOCIATION,

Defendant,

---

## ORDER

Before the Court is Plaintiff's Corrected Short-Form Discovery Motion to Compel Production of Non-Privileged Documents and Supplemental Rule 34 Responses. Doc. No. 51. While Defendant filed a response to the first-filed version of this motion, Doc. No. 58, *see also* Doc. No. 50, Defendant did not timely respond to the corrected version. *See* Doc. No. 26 ¶ 5. Nonetheless, because the corrected motion (Doc. No. 51) contains no substantive changes, the Court has considered Defendant's response (Doc. No. 58) in conjunction therewith. Upon consideration, Defendant fails to adequately support its objections to the requested discovery, and Plaintiff's motion will be granted.

This case concerns Plaintiff's claims for negligent misrepresentation, fraudulent misrepresentation/inducement, fraudulent concealment, and

declaratory relief against Defendant. Doc. No. 46. In sum, Plaintiff owns a business, Blossom Preparatory School ("Blossom"), Blossum sought a Small Business Administration loan for which Plaintiff was the proposed guarantor, financing was sought through Defendant, and Defendant ultimately denied that financing. *Id.* ¶¶ 18–39. Plaintiff's claims rest on her allegations that Defendant acted improperly throughout that process, and she seeks to recover for "direct injuries personal to her," such as for representations made to her personally, and as to money she personally paid and the encumbrance of her personally owned life insurance policy. *See, e.g.*, *id.* ¶¶ 1–5, 10, 13–17.

At issue in the present motion is Plaintiff's First Request for Production to Defendant and Defendant's August 31, 2026 responses/objections thereto. Doc. No. 51, at 6–14. By the motion, Plaintiff seeks to overrule Defendant's objections and require responses regarding Requests 4, 5, 7, 8, 10, and 12. Doc. No. 51, at 1. Those Requests and Defendant's responses provide as follows:

> 4. Produce documents sufficient to show the earliest date Defendant learned of each of the following: seller tax liabilities; federal tax liens; EIDL collection issues; missing or inconsistent tax returns; SBA eligibility concerns; and any underwriting issue Defendant believed could prevent closing.
>
> **RESPONSE:** Fifth Third objects to this Request because it is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings. The subject loan was not for Plaintiff, there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this

Request to the extent it seeks information that is protected by attorney-client and/or work-product privilege.

5. Produce documents and communications concerning the August 5, 2025 approval communication, the statement that the file had been moved into closing, and the factual basis and conditions supporting those communications.

**RESPONSE:** Fifth Third objects to this Request because it is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings. Further, there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this Request to the extent it seeks information that is protected by attorney-client and/or work-product privilege.

7. Produce documents concerning Plaintiff's personal guaranty, life insurance requirements, collateral assignments, the status of those assignments, and any decision or procedure concerning release of the collateral after denial.

**RESPONSE:** Fifth Third objects to this Request as it is vague, overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited temporally. Additionally, there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this Request to the extent it seeks information that is protected by attorney-client and/or work-product privilege. Fifth Third is willing to confer with Plaintiff to narrowly tailor the scope of this Request in the event the lawsuit is not dismissed.

8. Produce documents concerning the Phase I environmental assessment, including instructions to Plaintiff, vendor communications, invoices, payment or credit-at-closing discussions, receipt or non-receipt of the report, and any reliance on the report during underwriting.

**RESPONSE:** Fifth Third objects to this Request because it is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings. The subject loan was not for Plaintiff. Further, there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this Request to the extent it seeks information that is protected by attorney-client and/or work-product privilege.

10. Produce call logs, call notes, CRM records, and meeting notes for material communications with Plaintiff concerning approval, closing status, seller tax or EIDL issues, conventional or restructured financing, and the final denial from August 1, 2025 through January 16, 2026.

**RESPONSE:** Fifth Third objects to this Request because it is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings. The subject loan was not for Plaintiff. Further there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this Request to the extent it seeks information that is protected by attorney-client and/or work-product privilege.

12. Produce documents sufficient to identify the persons who participated in the final decision to deny the loan, the date of that decision, each stated reason, and the documents relied upon for each reason.

**RESPONSE:** Fifth Third objects to this Request because it is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings. The subject loan was not for Plaintiff, Plaintiff's definition of "Plaintiff's loan transaction" is vague, there is currently no operative pleading and therefore there is no relevant topic of discovery, and Plaintiff lacks standing to pursue the claims she asserted in her prior Complaint. Fifth Third further objects to this Request to the extent it seeks information that is protected by attorney-client and/ or work-product privilege.

*Id.* at 6–14.[1]

Upon review, to the extent that Defendant asserts there is "no operative pleading," that issue has been resolved by the filing of Plaintiff's second amended complaint. Doc. No. 46. Otherwise, outside of boilerplate assertions, Defendant objects to the discovery based on its contentions that Plaintiff does not have a meritorious case and/or lacks standing to assert her claims. *See* Doc. No. 51, at 6–14. Defendant continues to rely on this objection in response to Plaintiff's motion to compel (Doc. No. 58), arguing *in toto*:

> Here, the SAC depends on standard pre-closing due diligence for and the alleged failure to close Blossom's SBA loan. Any claim arising from the loan application would belong, if at all, to Blossom—not Plaintiff. Fifth Third denies that any such claim exists, but in any event, Plaintiff cannot assert Blossom's alleged rights as her own. While Plaintiff attempts to reframe the SAC and discovery as related to her alleged individual claims, the discovery requested is directly related to the review and subsequent denial of Blossom's loan. Accordingly, as the claims are framed in the SAC, the pending discovery exceeds the scope of Rule 26. Based on the foregoing and the explanations provided in Fifth Third's responses, Fifth Third's objections are well taken and moving to compel production is premature.

[1] Plaintiff has further narrowed the scope of these requests by her motion to compel, now seeking only non-privileged materials related to: "when Fifth Third learned of seller tax/EIDL and eligibility obstacles (Request 4); the August 5-6 approval and 'moved into closing' communications (Request 5); Plaintiff's personal guaranty and life-insurance collateral and release chronology (Request 7); the Phase I assessment Plaintiff alleges she personally paid for (Request 8); call/CRM records of communications directly with Plaintiff during August 1, 2025-January 16, 2026 (Request 10); and the participants, date, reasons, and supporting records for the final denial (Request 12)." Doc. No. 51, at 2.

Doc. No. 58, at 2;[2] *see also* Doc. No. 49, at 4–6 (Defendant's pending motion to dismiss arguing that Plaintiff lacks standing to assert claims on behalf of Blossom, and containing substantially the same language as the response to the motion to compel).

Defendant's merits-based challenges do not provide a basis for not responding to discovery. As the record reflects in this case, Defendant's request to stay discovery based on the pendency of its motion to dismiss has been denied. *See* Doc. No. 42; *see also* Doc. No. 54. And the motion to dismiss remains pending at this time. Doc. No. 49. Thus, the Court finds unpersuasive Defendant's reliance on its merits-based arguments as a basis for not responding to discovery at this stage of the case. *See, e.g.*, *Dr. Phillips, Inc. v. Hinson*, No. 6:25-cv-1585-CEM-LHP, 2026 WL 1377695, at *3 (M.D. Fla. May 18, 2026) (finding reliance upon arguments made in pending motion to dismiss – where no stay of discovery had been granted – did not provide a basis to not respond to discovery); *see also Vision Constr. Ent., Inc. v. Argos Ready Mix, LLC*, No. 3:15cv534-MCR-CJK, 2017 WL 10084359, at *3 (N.D. Fla. June 28, 2017) ("Discovery should not be prohibited merely because it relates to claims [or defenses] . . . based on an [alleged] insufficient theory." (citation omitted)); *Nationwide Indus., Inc. v. D&D Techs. (USA), Inc.*, No. 8:12-cv-2372-T-27EAJ, 2013 WL 12155945, at *2 (M.D. Fla. Aug. 8, 2013) ("Despite the Court's denial

[2] Defendant did not request leave for additional briefing. *See* Doc. No. 26 ¶ 7.

of Defendants' motion to stay discovery, Defendants continue to assert objections to the document requests and interrogatories based on their pending motion to dismiss. These objections are without merit. . . ."); *cf. Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5196093, at *7 (S.D. Fla. Nov. 9, 2017) (rejecting argument that the plaintiff was not entitled to class discovery based on argument that class certification motion would fail).[3]

Otherwise, in response to the discovery, Defendant asserts variations of the objection that each Request "is vague, overbroad, and seeks discovery not relevant to the instant action as framed by the Pleadings." But this boilerplate language is insufficient. *See* Middle District Discovery (2021) at § (III)(A)(6) ("Objections to requests for production should be specific, not generalized . . . . Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."); *see also, e.g., Rivera v. U.S Att'y Gen.*, No. 6:23-cv-2113-DCI, 2025 WL 895879, at *2 (M.D. Fla. Mar. 24, 2025) (boilerplate objections deemed waived); *Asphalt Paving Sys., Inc. v. General Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not

[3] For the same reasons, the Court finds unpersuasive Defendant's suggestion that Plaintiff's motion to compel "is premature pending the resolution of the" motion to dismiss. *See* Doc. No. 58, at 2. Notably, Defendant cites no legal authority in support of this position, and indeed, cites no legal authority in its response at all.

consider frivolous, conclusory, general, or boilerplate objections."); *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." (citation omitted)). And, in any event, Defendant fails to address these boilerplate objections in response to Plaintiff's motion, Doc. No. 58, and thus they are waived. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (same).[4]

Based on the foregoing, and outside of privilege, Defendant's objections to Requests 4, 5, 7, 8, 10, and 12 will be overruled. Accordingly, it is **ORDERED** as follows:

---

[4] Defendant also makes an attorney-client and/ or work-product privilege objection to Requests 4, 5, 7, 8, 10, and 12. Doc. No. 51, at 6–14. But Plaintiff states that she is seeking "only nonprivileged material." *Id.* at 2. The Court therefore declines to find the privilege objections waived, but will require Defendant to provide a privilege log for any responsive documents withheld on the basis of privilege. *See also, e.g.*, *Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2024 WL 4625727, at *2 (M.D. Fla. Oct. 30, 2024) (declining to find privilege objections waived).

1. Plaintiff's Corrected Short-Form Discovery Motion to Compel Production of Non-Privileged Documents and Supplemental Rule 34 Responses (Doc. No. 51) is **GRANTED**.

2. Defendant's objections to Requests 4, 5, 7, 8, 10, and 12, other than privilege, are **OVERRULED** and/or deemed waived as set forth in this Order.

3. Within **fourteen (14) days** of the date of this Order, Defendant shall serve on Plaintiff all documents in its possession, custody, or control that are responsive to Requests 4, 5, 7, 8, 10, and 12, as narrowed by Plaintiff's motion to compel. *See* Doc. No. 51, at 2. If Defendant claims that any responsive document is privileged, by this same deadline, Defendant must serve a privilege log on Plaintiff. *See* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

4. Failure to comply with this Order may result in sanctions. Fed. R. Civ. P. 37(b).

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties